

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| LARRY KROGER and KIM KROGER, § | | |
| § | | |
| *Plaintiffs,* § | | |
| § | | |
| v. § | CIVIL ACTION NO. 1:05-CV-839 (TH) | |
| § | JURY | |
| ASHBURN INDUSTRIES, INC., ET AL., § | | |
| § | | |
| *Defendants.* § | | |

# MEMORANDUM OPINION AND ORDER REMANDING CIVIL ACTION TO STATE COURT

Before the Court is *Plaintiffs' Motion to Remand* [Clerk's Docket No. 23] filed January 9, 2006. Having considered the motion, responses and reply, the Court is of the opinion that the motion should be granted.

## I. FACTUAL & PROCEDURAL BACKGROUND

This lawsuit involves allegations of serious injury sustained by Larry Kroger due to benzene exposure. On October 31, 2005, plaintiffs Larry Kroger and his wife Kim Kroger filed suit against numerous defendants in the 128th judicial district court of Orange County, Texas. *Id.* After suit was filed, Larry Kroger passed away and his wife Kim Kroger now maintains suit on his behalf. *See Suggestion of Death* [Clerks' docket Nos. 75. 76].

On December 12, 2005, defendant Kelly-Moore Paint Company removed the case to federal court on the basis of federal question jurisdiction. *See* 28 U.S.C. §§ 1331, 1441(b), 1441(c); *Kelly-Moore Paint Company's Notice of Removal* at ¶ III [Clerk's Docket No. 1]. Kelly-Moore contends the action arises under the laws of the United States because the state law claims are preempted by federal labeling law. *Id.* Written consent to the removal by all defendants was not included. *See Kelly-Moore Paint Company's*

*Notice of Removal, Ex. A* [Clerk's Docket No. 1].

On January 9, 2006, plaintiff filed a *Motion to Remand* [Clerk's Docket No. 23]. Plaintiff contends the removal was (1) procedurally defective due to the absence of written consent by all defendants and (2) substantively improper in that this Court lacks subject matter jurisdiction.

## II. LEGAL STANDARD – REMOVAL & REMAND

It is well settled that the burden of establishing subject matter jurisdiction rests on the party seeking to invoke the authority of the federal court. As such, the burden is on the removing defendant to demonstrate that federal jurisdictional requirements have been satisfied. *Estate of Martineau v. ARCO Chem. Co.,* 203 F.3d 904, 910 (5th Cir. 2000). Whether or not removal was proper is determined on the basis of the state court record as it existed at the time of removal. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), *cert. denied*, 534 U.S. 993, 122 S. Ct. 459, 151 L. Ed. 2d 377 (2001).

"Federal courts are courts of limited jurisdiction." *Id.* As such, there is a presumption "that a suit lies outside this limited jurisdiction." *Id.* "[A] suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Prot., Inc. v. Henson,* 537 U.S. 28, 32, 123 S. Ct. 366, 369 (2002).

The propriety of removal is generally governed by 28 U.S.C. § 1441, *et seq.* The removal statute is to be strictly construed. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339, 45 Fed. R. Serv. 3d 746, 30 Envtl. L. Rep. 20, 296 (5th Cir. 2000), *cert. denied*, 530 U.S. 1229, 120 S. Ct. 2658 (2000). Any doubts surrounding the propriety of removal—both jurisdictionally and procedurally—should be resolved in favor of remanding the action to state court. "[T]he view that technical flaws in a removal petition 'can be swept away like so much dust seriously misunderstands the conditions under which the formidable power of the federal judiciary can—and should—be invoked.'" *Smith v. Union Nat. Life Ins. Co.*, 187 F. Supp.2d 635, 645 (S.D. Miss. 2001).

"An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." 28 U.S.C. § 1447(d).

## III. LEGAL BACKGROUND

1. <u>Preemption Under the Federal Hazardous Substances Act</u>

Ordinarily, federal preemption is a defense that will not support removal. *See PCI Transp. v. Fort Worth & Western R.R.*, 418 F.3d 535, 543 (5th Cir. 2005). However, the doctrine of complete preemption is an exception to the well-pleaded complaint rule and essentially permits a district court to "convert[] an ordinary state common-law complaint into one stating a federal claim." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393, 107 S. Ct. 2425, 96 L. Ed.2d 318 (1987). The doctrine is applicable where "the preemptive force of [a statute's preemption clause] is so powerful as to displace entirely any state cause of action" that could have been brought under the federal statute. *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 23, 103 S. Ct. 2841, 77 L.Ed.2d 420 (1983). "Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of [the federal statute]." *Id.*

The FHSA establishes a national scheme for the regulation and labeling of hazardous products. *IQ Prod. Co. v. Pennzoil Prod. Co.*, 305 F.3d 368, 373 (5th Cir. 2002). "The Consumer Product Safety Commission is responsible for enforcing the FHSA and promulgating, interpreting, and enforcing regulations under the FHSA." *Id.* The CPSC has the discretion "to determine whether to prosecute FHSA violations." *Id.* "The FHSA does not authorize a private cause of action." *Id.*

The preemptive effect of the FHSA has been described as "limited." *Moss v. Parks Corp.*, 985 F.2d 736, 740 (4th Cir. 1993). The FHSA preempts litigation seeking to require labeling different than that required by the Commission. *Id.* In this situation, the FHSA can be said as a defense to such claims. The FHSA does not, however, preclude common law tort actions based upon failure to warn for non-compliance with existing federal labeling requirements. *Id.*

2. <u>Consent to Removal by All Defendants</u>

"[I]t is well established that removal generally requires unanimity among the defendants."

*Balazik v. City of Dauphin*, 144 F.3d 209, 213 (3d Cir. 1995). The so-called "rule of unanimity" requires all defendants to either join in the removal or file a written consent thereto within the thirty-day removal window. *Loftis v. United Parcel Serv. Inc.*, 342 F.3d 509, 516 (6th Cir. 2003); *Gillis v. State of Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002). The rule is derived from the statutory language prescribing removal procedures. *Loftis*, 342 F.3d at 516. Courts have long read section 1441(a) to mean that "defendants must act collectively to remove the case." *Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir. 1992).

Failure to obtain written joinder or consent of all defendants renders the notice defective within the meaning of 28 U.S.C. § 1447(c). *Getty Oil Corp. v. Ins. Co. of North Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988); *Balazik v. City of Dauphin*, 144 F.3d 209, 213 (3d Cir. 1995). If the deficiency is not cured within the thirty-day statutory time period, the removal is improper. *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999). Ambiguous and ineffectual consents contained in removal petitions are likewise considered defective. 14C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 3731 (3d ed. 2003); *see e.g.*, *Landman v. Borough of Bristol*, 896 F. Supp. 406 (D.C. Pa. 1995)(defendant's assertions that removal was consensual insufficient to avoid remand); *Roe v. O'Donohue*, 48 F.3d 298, 301 (7th Cir. 1994); *Luckett v. Harris Hosp.-Fort Worth*, 764 F. Supp. 436 (N.D. Tex. 1991); *Thompson v. Louisville Ladder Corp.*, 835 F. Supp. 336, 338 (E.D. Tex. 1993)("there must be some timely filed written document from each served defendant").

"[R]equiring each defendant to formally and explicitly consent to removal is sound policy, and prevents one defendant from choosing a forum for all." *Smith v. Union Nat. Life Ins. Co.*, 187 F. Supp.2d 635, 645 (S.D. Miss. 2001). "'To allow one party, through counsel, to bind or represent the position of other parties without their express consent to be so bound would have serious adverse repercussions, not only in removal situations but in any incident of litigation.'" *Id.* "One of the primary reasons that separate parties have separate counsel is so that each can independently present their position to the court." *Id.* "Requiring an independent statement of consent from each defendant ensures that the Court has a clear and unequivocal basis for subject matter jurisdiction before taking the serious step of wrestling jurisdiction from another sovereign . . . ." *Id.* "There is nothing unfair about requiring each defendant to either sign the notice of removal, file its own notice of removal, or file a written consent or written joinder to the original notice of removal." *Id.*

## IV.  FINDINGS

The Court **FINDS** that it is without subject matter jurisdiction over this action because the FHSA does not completely preempt state law.

The Court **FURTHER FINDS** that the notice of removal was procedurally defective in that it was not timely consented to by all defendants.

## V.  ORDER

**IT IS THEREFORE ORDERED** that the *Plaintiffs' Motion to Remand* [Clerk's Docket No. 23] is in all things **GRANTED**.

**IT IS FURTHER ORDERED** that this action is hereby **REMANDED** to the 128th judicial district court of Orange County, Texas pursuant to 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED** that the clerk is **DIRECTED** to send a certified copy of this order of remand to the 128th judicial district court of Orange County, Texas.

**IT IS FURTHER ORDERED** that the scheduling conference previously set for February 28, 2006 is hereby **CANCELED**.

**IT IS FURTHER ORDERED** that all pending motions [Clerk's Docket Nos. 10-1, 10-2, 15, 17, 20, 24, 26, 33-1, 33-2, 43-1, 43-2, 45, 47, 51, 52, 54, 55] are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the clerk is **DIRECTED** to close this case file.

**SO ORDERED.**
**SIGNED** this the **27** day of **February, 2006.**

Thad Heartfield
United States District Judge